# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11045
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2017

Lyle W. Cayce
Clerk

REGINA NACHAEL HOWELL FOSTER,

Plaintiff - Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee; OCWEN
LOAN SERVICING, L.L.C.; POWER DEFAULT SERVICES,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, SMITH and GRAVES, Circuit Judges.

PER CURIAM:

This appeal concerns an attempted mortgage foreclosure sale of property located in Grand Prairie, Texas, by Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), and Power Default Services ("Power Default"). Regina Foster appeals the district court's denial of her motion for remand based on its finding that Power Default, a non-diverse defendant and substitute trustee for the attempted foreclosure, was improperly joined in the proceeding because the foreclosure did not take place. Foster also appeals the district court's grant of summary judgment in favor of the defendants–appellees. Finding no error, we AFFIRM.

No. 16-11045

I.

In September 2004, Regina Foster's then-husband, Carlos Foster, executed a promissory note to finance the purchase of a house in Grand Prairie, Texas. Regina Foster was not listed as an obligor on the promissory note. She is, however, listed as a co-borrower with Carlos on a deed of trust, which was executed on the same day as the promissory note. Regina later filed for divorce. During the divorce proceedings, the state court issued a temporary order awarding exclusive use of the Grand Prairie property to Regina.

Carlos defaulted on the loan and, after receiving notification, failed to cure the default. In 2014, Power Default sent a Notice of Acceleration and Notice of Substitute Trustee Sale to the Grand Prairie home address, where Regina received the notices. The trustee sale notice listed Ocwen as the mortgage servicer and Deutsche Bank as the mortgagee. Power Default was the substitute trustee. The foreclosure sale was scheduled for May 6, 2014.

On May 5, 2014, Regina Foster filed her original petition in the Judicial District Court in Tarrant County, Texas, alleging wrongful foreclosure and requesting a temporary restraining order and injunctive relief and, in the alternative, a reformation of the deed of trust. She also alleged that she did not receive proper notice of the foreclosure sale and that she was not given an opportunity to cure the default. The state court then issued a temporary restraining order, putting a halt to the foreclosure sale. Ocwen did not pursue the foreclosure sale on May 6, 2014. Defendants Deutsche Bank and Ocwen removed the case to federal court on the basis of diversity jurisdiction, notwithstanding Power Default's involvement as a non-diverse defendant. In their Notice of Removal, Deutsche Bank and Ocwen argued that Power Default was improperly joined for the sole purpose of defeating diversity. The federal

2

No. 16-11045

district court concluded that removal was proper and dismissed all claims against Power Default with prejudice.[1]

Then, in February 2016, the district court granted summary judgment in favor of defendants Deutsche Bank and Ocwen and dismissed with prejudice the claims in Foster's second amended petition, including: a claim of attempt to wrongfully foreclose on the property, a claim that the defendants violated Texas Property Code § 51.002(b),[2] a claim that the deed of trust failed to create a valid lien upon the property, a request for permanent injunctive relief, and a request for reformation of the deed of trust.

The district court observed that it was undisputed that no foreclosure sale had taken place and that Foster still resided on the property. Because no foreclosure occurred, the district court rejected Foster's claims for attempted wrongful foreclosure and violation of § 51.002(b). Further, the court found that the reasons Foster provided to support her invalid lien claim—that her name was misspelled as "Reeba Nqchael Howell Foster" on the deed of trust and that the document number was incorrectly given as Dallas County Document

---

[1] In its order denying the remand motion, the district court also stated it would "disregard[] Power's joinder for purposes of determining jurisdiction." *Foster v. Deutsche Bank Nat'l Trust Co.*, No. 4:14-CV-436-Y, 2014 WL 12591926, at *3 (N.D. Tex. Aug. 22, 2014).

[2] Section 51.002(b) of the Texas Property Code sets forth the procedures for notice of a foreclosure sale:

> (b) Except as provided by Subsection (b–1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
>   (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
>   (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
>   (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

TEX. PROP. CODE § 51.002(b).

3

No. 16-11045

No. 3088999 on the Notice of Substitute Trustee Sale—did not support a finding "that these discrepancies have caused her any confusion or harm." Because Foster's substantive claims failed on the merits, the district court denied her request for a permanent injunction.   Foster's request for reformation of the deed of trust was likewise denied because she failed to demonstrate why such reformation was necessary.

Foster then filed a Motion for Reconsideration and, in the alternative, urged the district court to refer her case to the bankruptcy court.  The court reasoned that Foster's legal claims arose after she filed for Chapter 7 bankruptcy in 2012 and therefore were not part of the bankruptcy estate; thus, there was no basis on which to refer the case to the bankruptcy court.  The district court denied both requests.  Foster timely appealed.

## II.

We review a district court's denial of a motion to remand de novo, applying the same standard as the district court.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).  Grants or denials of summary judgment likewise receive de novo review.  *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir. 2007).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

## III.

Foster challenges the district court's denial of her motion to remand and its improper joinder finding, asserting that she had a possibility of recovery against Power Default as a substitute trustee under Texas property law.  The district court found that the defendants satisfied their burden of showing improper joinder.  Improper joinder can be established by the showing of either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in

No. 16-11045

state court." *Foster v. Deutsche Bank Nat'l Trust Co.*, No. 4:14-CV-436-Y, 2014 WL 12591926, at *2 (N.D. Tex. Aug. 22, 2014) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc)).

In its analysis, the district court noted that Power Default is listed in Foster's amended petition solely in the context of its role as substitute trustee. A substitute trustee has a duty under the deed of trust to "act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." *Id.* (quoting *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977)). The court observed that breach of a trustee's duty does not constitute an independent tort; rather, it yields a cause of action for wrongful foreclosure. *Id.* (citing *Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App. 2002); *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011)). A claim of wrongful foreclosure cannot succeed, however, when no foreclosure has occurred. *See Marsh*, 760 F. Supp. 2d at 708. The court concluded that, here, Foster has no wrongful foreclosure claim against Power Default absent an actual foreclosure. Because she would have been unable to assert a cause of action against Power Default in state court, the court found that joinder of Power Default as a defendant was improper. We agree with the district court's analysis and conclusion denying Foster's motion to remand the case to state court.

Foster also challenges the district court's grant of summary judgment in favor of the defendants. The district court found that Foster's wrongful foreclosure and statutory claims could not succeed because no foreclosure of the property took place. Because the case was removed to federal court based on diversity jurisdiction, the district court applied the substantive laws of Texas in analyzing whether summary judgment was appropriate. *Foster v. Deutsche Bank Nat'l Trust Co.*, No. 4:14-CV-436-Y, 2016 WL 695658, at *2 (N.D. Tex. Feb. 22, 2016) (citing *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d

No. 16-11045

506, 510 (5th Cir. 2007)).  Ordinarily, Texas recognizes the following elements of a wrongful foreclosure claim: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008).  We have noted, in an unpublished opinion, however, that a party cannot "state a viable claim for wrongful foreclosure" if the party "never lost possession of the Property." *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013) (citing *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007–08 (S.D. Tex. 2011) ("[B]ecause recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure.  As such, courts in Texas do not recognize an action for attempted wrongful foreclosure.")).  Because the foreclosure of Foster's property has not taken place, we agree with the district court and find that Foster may not assert a cause of action for wrongful foreclosure.

Moreover, because foreclosure of the property did not occur, we need not revisit the district court's conclusions as to whether Foster has a viable notice-of-foreclosure cause of action under Section 51.002 of the Texas Property Code.

IV.

In sum, for the foregoing reasons, we AFFIRM.