# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20052
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2018

Lyle W. Cayce
Clerk

IFEANYICHUKWU IROH,

Plaintiff-Appellant

v.

BANK OF AMERICA, N.A.; CALIBER HOME LOAN, INCORPORATED; DHI MORTGAGE COMPANY, LIMITED; RANDALL C. PRESENT; U.S. BANK NATIONAL ASSOCIATION; BRIA CARTER; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; MERSCORP HOLDINGS, INCORPORATED; LSF9 MASTER PARTICIPATION TRUST; CHASE BANK; SUMMIT TRUSTEE SERVICES, L.L.C.; NATHAN F. SMITH; RECONTRUST, N.A.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1601

Before JOLLY, OWEN, and HAYNES, Circuit Judges

PER CURIAM:[*]

Ifeanyichukwu Iroh appeals the district court's dismissal of his civil action for failure to state a claim on which relief can be granted, pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20052

Federal Rule of Civil Procedure 12(b)(6).   Because Iroh failed to file an amended or new notice of appeal with respect to the district court's denial of his Federal Rule of Civil Procedure 59(e) motion, this court's jurisdiction does not extend to a review of that ruling.  *See* FED. R. APP. P. 4(a)(4)(B)(ii); *Fiess v. State Farm Lloyds*, 392 F.3d 802, 806-07 (5th Cir. 2004).

We review a Rule 12(b)(6) dismissal de novo.  *United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). The district court did not err in rejecting either Iroh's claim for attempted wrongful foreclosure, *see Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406-07 (5th Cir. 2017) (per curiam), or his apparent argument based on the split-the-note theory, *see Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).  There is no merit to Iroh's arguments that the district court judge was biased against him, *see Liteky v. United States*, 510 U.S. 540, 555 (1994), or that there should have been a full evidentiary hearing and an opportunity for discovery, *see Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

We do not review issues that were raised for the first time on appeal or were not raised in the initial appellate brief.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Accordingly, we will not consider Iroh's claims that particular defendants committed fraud on certain dates, that the defendants were subject to the Racketeer Influenced and Corrupt Organizations Act, and that Countrywide Home Loans Servicing, L.P. was improperly dismissed as a defendant.  *See id.*  Iroh has failed to brief, and thus abandoned, his claims under the Federal Debt Collection Practices Act, the United States Constitution, Title 15 of the United States Code, and Title 17 of the Code of Federal Regulations.  *See id.* at 224-25.  Finally, because Iroh has failed to renew in this appeal his claims to quiet title to the property in question and

No. 16-20052

for declaratory and injunctive relief, those claims are likewise abandoned. *See*
*id.*

AFFIRMED.