**Affirmed and Opinion Filed July 18, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00114-CV

**PAMELA ALEXANDER, Appellant**
**V.**
**WILMINGTON SAVINGS FUND SOCIETY, FSB**
**D/B/A CHRISTIAN TRUST AS TRUSTEE, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-05000**

# OPINION

Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Whitehill

Appellant Pamela Alexander and her husband, Appolleon Alexander, sued appellee Wilmington Savings Fund Society, FSB to stop Wilmington from foreclosing on a home equity lien on their house. Summary judgment evidence showed that both appellant and Appolleon signed the home equity deed of trust but only Appolleon signed the home equity note. The trial court granted summary judgment for Wilmington.

The pivotal question on appeal is whether a home equity lien is invalid if only one spouse signs the home equity note but both spouses sign the home equity deed of trust. We conclude that the single signature on the note does not invalidate the lien and so affirm the summary judgment.

# I. BACKGROUND

## A. Facts

The summary judgment evidence showed the following facts:

Appolleon Alexander signed a Texas Home Equity Note dated September 10, 2007. The note's principal amount was $192,000. That same day, Appolleon and appellant signed a related Texas Home Equity Security Instrument covering their residence in Cedar Hill, Texas.

Wilmington acquired the lender's rights in the deed of trust through a series of assignments.

In April 2015, Wilmington accelerated the note and gave the Alexanders notice of a foreclosure sale scheduled for May 5, 2015.

## B. Procedural History

On May 4, 2015, the Alexanders filed this lawsuit seeking declarations that Wilmington's claim was barred or that Wilmington had no valid lien on their homestead. They also sought their attorney's fees.

Wilmington answered and counterclaimed for judicial foreclosure.

After extensive motions practice, Wilmington filed a third summary judgment motion. The motion asserted a limitations defense and further argued that the evidence established all facts necessary to entitle Wilmington to judicial foreclosure.

On the day of the summary judgment hearing, appellant filed a one-page pro se "original answer" to Wilmington's third summary judgment motion in which she denied all allegations in the motion.

The trial court granted Wilmington's third summary judgment motion without specifying the grounds for its ruling. The court ordered the Alexanders to take nothing on their claims, authorized Wilmington to proceed with foreclosure, and granted other relief.

Appellant timely filed a pro se notice of appeal; her husband has not appealed.

## II. ANALYSIS

Appellant's pro se brief argues in a single issue that the trial court erred by granting summary judgment.

### A. Standard of Review

We review an order granting summary judgment de novo.[1] *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 489 (Tex. App.—Dallas 2016, pet. denied).

When we review a traditional summary judgment in favor of a defendant, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense. We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve every doubt in the nonmovant's favor. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Id.*

When we review a summary judgment in favor of a claimant, we determine whether the claimant established every element of its claim as a matter of law. We consider the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the movant. *Anderton v. Cawley*, 378 S.W.3d 38, 46 (Tex. App.—Dallas 2012, no pet.).

When, as in this case, the summary judgment does not specify the grounds on which it was granted, we affirm if any ground advanced in the motion is meritorious. *See Garza v. CTX Mortg. Co., LLC*, 285 S.W.3d 919, 922–23 (Tex. App.—Dallas 2009, no pet.).

---

[1] Although appellant failed to timely respond to Wilmington's motion for summary judgment, she may challenge its legal sufficiency on appeal. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

**B.     Is Wilmington's lien invalid because appellant did not sign the home equity note?**

Appellant argues that Wilmington's lien is void because Wilmington's summary judgment evidence conclusively establishes that she did not sign the home equity note.  She relies on the following provision of the Texas Constitution for support:

> [T]he lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit . . . if the lien was not created under a written agreement with the consent of each owner and each owner's spouse, unless each owner and each owner's spouse who did not initially consent subsequently consents . . . .

TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi).[2]

We strive to give constitutional provisions the effect their makers and adopters intended. Accordingly, we rely heavily on the constitution's text and give effect to its plain language. *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 477 (Tex. 2016).

Appellant's argument fails based on the constitution's plain language and the evidence. The constitution requires each owner and each owner's spouse to consent to the lien securing a home equity loan.  The deed of trust is the instrument that creates the lien.  *See Fin. Freedom Senior Funding Corp. v. Horrocks*, 294 S.W.3d 749, 755 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("[A] deed of trust creates only a lien on property and does not constitute a conveyance of the property."); *see also Aggs v. Shackelford Cty.*, 19 S.W. 1085, 1086 (Tex. 1892) ("A deed of trust is, in legal effect, a mortgage with a power of sale.").

The evidence shows, and appellant acknowledges, that she and her husband executed the home equity security instrument in this case.  Section 50(a)(6)(Q)(xi) does not require an owner's spouse to consent to a home equity note, and we may not add such a requirement by judicial fiat. *See Aviall Servs., Inc. v. Tarrant Appraisal Dist.*, 300 S.W.3d 441, 447 (Tex. App.—Fort Worth 2009, no pet.) ("We are not free to enlarge or judicially amend the constitutional amendment or

---

[2] Appellant's brief cites "§ 50(a)(6)(Q)(xii)," but there is no such subsection.

enabling statute."); *see also Madden v. Madden*, 15 S.W. 480, 482 (Tex. 1891) (courts may not engraft exceptions onto the state constitution, "the effect of which would be to attempt to amend the constitution by judicial interpretation").

Federal courts have rejected arguments like appellant's in connection with § 50(a)(6)(A), which is similar to § 50(a)(6)(Q)(xi). *See, e.g., Wilmington Trust, Nat'l Ass'n v. Blizzard*, 702 F. App'x 214 (5th Cir. 2017). Section 50(a)(6)(A) states that one element of a valid home equity lien is that the extension of credit must be "secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse." TEX. CONST. art. XVI, § 50(a)(6)(A). Regulations further provide that "[a]n owner or an owner's spouse who is not a maker of the note may consent to the lien by signing a written consent to the mortgage instrument. The consent may be included in the mortgage instrument or a separate document." 7 TEX. ADMIN. CODE § 153.2(2). In *Wilmington Trust*, the facts were the same as in this case: one spouse signed the home equity note, both spouses signed the home equity security instrument, and the spouse who didn't sign the note contested the lien's validity. *Wilmington Trust*, 702 F. App'x at 215. The Fifth Circuit reviewed § 50(a)(6)(A) and § 153.2(2), held that the lien satisfied § 50(a)(6)(A), and affirmed summary judgment for the creditor. *Id.* at 216, 218.

We reject appellant's argument that the lien is invalid under § 50(a)(6)(Q)(xi). Accordingly, we need not address Wilmington's other summary judgment ground of limitations. *See Garza*, 285 S.W.3d at 922–23. We overrule appellant's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

/Bill Whitehill/

BILL WHITEHILL
JUSTICE

170114F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAMELA ALEXANDER, Appellant

No. 05-17-00114-CV          V.

WILMINGTON SAVINGS FUND
SOCIETY, FSB D/B/A CHRISTIAN
TRUST AS TRUSTEE, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-05000.
Opinion delivered by Justice Whitehill.
Justices Bridges and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Wilmington Savings Fund Society, FSB D/B/A Christian Trust As Trustee recover its costs of this appeal from appellant Pamela Alexander.

Judgment entered July 18, 2018.