# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-15-00713-CV

**Brian DeRoeck, Melinda Young, and Kathryn Boykin, as co-trustees of the
Walter A. DeRoeck QTIP Trust, Assignee of Texas Capital Bank National Association,
Appellants**

**v.**

**DHM Ventures, LLC; James W. Moritz; and Nathan W. Halsey, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-14-002392, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## O P I N I O N

Appellants (collectively, the Trust) sued to collect on a debt on a promissory note
(the Note) allegedly owed by appellee DHM Ventures, LLC, and guaranteed by appellees James
W. Moritz and Nathan W. Halsey (collectively, the Defendants).[1]  The trial court signed a final
summary judgment dismissing the Trust's claims with prejudice.  On appeal, this Court initially
concluded that the original cause of action against DHM was time barred and that the Trust did not
properly plead a new cause of action arising from a new promise to pay the old debt.  *See DeRoeck*

---

[1]  We will refer to Moritz and Halsey collectively as the Guarantors.

*v. DHM Ventures, LLC*, No. 03-15-00713-CV, 2016 WL 4270000, at \*3 (Tex. App.—Austin Aug. 9, 2016) (*DeRoeck I*), *rev'd*, 556 S.W.3d 831 (Tex. 2018). Accordingly, we affirmed the trial court's summary judgment. *Id.* at \*4.

The Texas Supreme Court reversed our judgment, concluding that the Trust had sufficiently pled acknowledgment of debt. *DeRoeck v. DHM Ventures, LLC*, 556 S.W.3d 831, 836 (Tex. 2018) (per curiam) (*DeRoeck II*). We now consider the parties' remaining arguments on remand. *See id.* Because we conclude that the statute of limitations bars the Trust's claims based on the original obligation to pay the debt but that the Trust has raised a genuine issue of material fact as to whether DHM and the Guarantors acknowledged the debt and created a new obligation to pay, we will affirm the trial court's final summary judgment in part and reverse in part and remand the cause to the trial court for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo. *Texas Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018). Traditional summary judgment is proper only if the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). No-evidence summary judgment is proper "unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* R. 166a(i).

**DHM**

DHM's motion for summary judgment argues that the Trust's claims are barred by the statute of limitations. While the Trust argued to the trial court that a six-year statute of limitations applies to its claims, on appeal the Trust does not challenge DHM's assertion that a four-year limitations period applies. Because it is undisputed that the Trust did not file suit until more than four years from the date the Note matured, DHM was entitled to summary judgment unless the Trust raised a fact question as to whether DHM's acknowledgment of the debt prevents the Trust's claims from being time-barred.

The Texas Supreme Court has determined that the Trust sufficiently pled acknowledgment of debt. *DeRoeck II*, 556 S.W.3d at 836. An acknowledgment of debt must: "1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation." *Id.* at 834; *see* Tex. Civ. Prac. & Rem. Code § 16.065 ("An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged."). "Additionally, the amount of the obligation the acknowledgment describes must be susceptible of ready ascertainment." *Stine v.*

---

[2] We provided background information about the parties and their dispute in *DeRoeck I*, which we will not repeat here. *See DeRoeck v. DHM Ventures, LLC*, No. 03-15-00713-CV, 2016 WL 4270000, at *1 (Tex. App.—Austin Aug. 9, 2016), *rev'd*, 556 S.W.3d 831 (Tex. 2018); *see also* Tex. R. App. P. 47.4.

*Stewart*, 80 S.W.3d 586, 591–92 (Tex. 2002) (per curiam) (internal quotation marks omitted). "[I]f the writing acknowledges the justness of the claim, the acknowledgment imports (1) an admission that the claim is a subsisting debt and (2) a promise to pay it, if unaccompanied by any circumstances repelling the presumption of willingness or intention to pay." *DeRoeck II*, 556 S.W.3d at 834. "The acknowledgment can come before or after suit on the original debt is barred by limitations." *Id.* Whether a writing constitutes an acknowledgment of debt is a question of law, but whether an acknowledgment refers to the particular debt sued on is a question of fact. *See Parks v. Seybold*, No. 05-13-00694-CV, 2015 WL 4481768, at *2 (Tex. App.—Dallas July 23, 2015, no pet.) (mem. op.); *Doncaster v. Hernaiz*, 161 S.W.3d 594, 605 (Tex. App.—San Antonio 2005, no pet.); *Rambo v. Rambo*, No. 03-01-00257-CV, 2002 WL 24033, at *5 (Tex. App.—Austin Jan. 10, 2002, no pet.) (not designated for publication); *Hutchings v. Bayer*, 297 S.W.2d 375, 378 (Tex. App.—Dallas 1956, writ ref'd n.r.e.).

The Trust attached evidence to its live pleading that it alleges demonstrates that DHM acknowledged its debt.[3] Among other things, the Trust presented checks drawn on DHM's account and made payable to the Trust. These checks, which are dated within four years of the time the Trust filed suit, contain the notation "Interest" or, occasionally, the name of a month followed

---

[3] The Defendants argue that we should only consider the evidence dated after the running of the limitations period. According to the Defendants, the earlier exhibits "are not evidence of acknowledgment because they were made while an action on the Note could still be maintained." We disagree. Acknowledgment of the debt before or after the statute of limitations has run can create a new obligation to pay. *See DeRoeck v. DHM Ventures, LLC*, 556 S.W.3d 831, 834 (Tex. 2018) (per curiam); *Trautmann Bros. Inv. Corp. v. Del Mar Conservation Dist.*, 440 S.W.2d 314, 315 (Tex. App.—Waco 1969, writ ref'd n.r.e.) (citing *Caterpillar Tractor Co. v. Churchill*, 40 S.W.2d 971, 972 (Tex. App.—Texarkana 1931, writ ref'd)). Accordingly, we will not limit our review to the evidence dated after limitations ran.

by "Interest." Most of the checks appear to be signed by Moritz, who was one of the Guarantors and was also DHM's president.[4]

Texas courts have held that a check can be an acknowledgment of debt.[5] The checks presented by the Trust are in writing and signed by the party to be charged. *See DeRoeck II*, 556 S.W.3d at 834. They show that DHM was willing to honor its obligations, and they are unaccompanied by any circumstances repelling the presumption of willingness or intention to pay. *See id.* Moreover, because the record before us contains no evidence of more than one debt between the Trust and DHM, we may infer that the "Interest" referred to in the memo line refers to interest on the note at issue in this appeal.[6]

---

[4] For example, the Trust's Exhibit 2.20 is a check dated "12-13-2012." It is drawn from the account of "DHM Ventures LLC," made payable to the order of "Walter A. DeRoeck, QTIP Trust," has "Interest" in the memo line, and appears to be signed by Moritz.

[5] *See First Nat'l Bank v. Gamble*, 132 S.W.2d 100, 101 (Tex. [Comm'n Op.] 1939) ("It is our opinion that the Court of Civil Appeals correctly held the check last above described to be a written acknowledgment of the debt owed by the loan company to Davies, sufficient . . . to take defendant in error's suit out of the operation of the statute of limitations."); *Alsheikh v. Arabian Nat'l Shipping Corp.*, No. 14-05-00787-CV, 2006 WL 1675384, at *2 (Tex. App.—Houston [14th Dist.] June 20, 2006, no pet.) (mem. op.) ("Alsheikh had no other debts to Arabian, and his course of payment (albeit untimely), the notations on his checks and receipts referring to his obligation, and his failure to repudiate either or both Notes constitute an implied promise to pay. Thus, he satisfied the final requirement of debt acknowledgment."); *Roadside Stations, Inc. v. 7HBF, Ltd.*, 904 S.W.2d 927, 931 (Tex. App.—Fort Worth 1995, no writ) (op. on reh'g) ("The giving of a check marked 'interest' by a debtor is sufficient to acknowledge a debt."); *Amarillo Nat'l Bank v. Liston*, 464 S.W.2d 395, 407 (Tex. App.—Amarillo 1970, writ ref'd n.r.e.) ("Where the checks provide that the payments are to apply on a loan, they are effective in tolling the statute of limitations."); *Trautmann Bros.*, 440 S.W.2d at 316 ("Decisions of the Supreme Court also require the holding that defendant's words on the check in this case constitute such an acknowledgment . . . as to avoid the bar of the statute of limitation.").

[6] *See Murphy v. Fairfield Fin. Grp., Inc.*, No. 03-99-00562-CV, 2000 WL 689758, at *6 (Tex. App.—Austin May 31, 2000, pet. denied) (not designated for publication) ("It is undisputed that the Murphys owed only one debt to Fairfield and that only one set of liens existed to secure the

We further conclude that the Trust raised a fact question as to whether the amount of the debt is susceptible of ready ascertainment. "[A]s long as the amount of the obligation can be readily ascertained, the acknowledgment need not state the amount of the obligation." *In re Estate of Curtis*, 465 S.W.3d 357, 372 (Tex. App.—Texarkana 2015, pet. dism'd); *accord Murphy v. Fairfield Fin. Grp., Inc.*, No. 03-99-00562-CV, 2000 WL 689758, at *5 (Tex. App.—Austin May 31, 2000, pet. denied) (not designated for publication) ("Although the face of the instrument does not reflect any amount nor contain an express promise to pay, the amount may be proved by parol . . . .") (citing *Stein v. Hamman*, 6 S.W.2d 352, 353 (Tex. [Comm'n Op.] 1928)). Here, the Trust presented balance sheets showing that the unpaid principal was $7 million as of the end of 2013, and neither party presented any evidence contradicting that amount or showing that the principal amount has since changed. The Trust also presented the original Note, which shows the applicable interest rate. Therefore, the Defendants' alleged present debt can be calculated.

We conclude that the checks presented by the Trust raise a genuine issue of material fact with regard to whether DHM acknowledged its debt to the Trust so as to create a new promise to pay that was made within four years of the time the Trust filed suit. Therefore, the trial court erred to the extent that it granted DHM's motion for summary judgment as to the Trust's claims based on

---

debt. The letter is therefore not rendered uncertain as to the debt and liens to which it refers."); *Hutchings v. Bayer*, 297 S.W.2d 375, 378 (Tex. App.—Dallas 1956, writ ref'd n.r.e.) ("[I]f no other debt is shown to be due from the defendant to the plaintiff, an acknowledgment in general terms will be held to relate to the debt sued upon. In such a case the burden is upon the defendant to show that the debt mentioned in the writing is not the one involved in the suit, or that there were other debts owing by the defendant to the plaintiff.") (internal quotation marks omitted); *Martindale Mortg. Co. v. Crow*, 161 S.W.2d 866, 871 (Tex. App.—El Paso 1941, writ ref'd w.o.m.) ("The situation is simple where there is only one debt existing between the parties. In such a case the acknowledgment is presumed to refer to that debt.").

acknowledgment of debt. However, because it is undisputed on appeal that the four-year statute of limitations bars the Trust's claims based on the original obligation to pay, the trial court did not err to the extent that it granted DHM's motion for summary judgment on those claims. Accordingly, we sustain the Trust's appellate issues to the extent they contend that the trial court erred in granting summary judgment in favor of DHM on the Trust's claims based on acknowledgment of debt.

**The Guarantors**

We now consider whether the trial court erred in granting summary judgment in favor of the Guarantors. As with DHM, the Trust's claims against the Guarantors are time-barred unless the Trust raised a genuine fact issue as to whether the Guarantors acknowledged their obligations to pay the debt.[7]

Among other evidence, the Trust presented the following email sent from Halsey:

---

[7] The Trust argues that the claims against the Guarantors are not time barred even if there were no acknowledgment of debt because the cause of action against the Guarantors did not accrue until the Trust made demand upon them. The Trust points out that Section 2 of the guaranty agreements provide that the Guarantors "shall, immediately *upon demand* by Lender, pay the amount due on the Guaranteed Indebtedness to Lender and Lender's address as set forth herein." (emphasis added). However, Section 4 provides, "In the event of default in payment or performance of the Guaranteed Obligations . . . Guarantor shall promptly pay the amount due thereon to Lender *without notice or demand, of any kind or nature* . . . and it shall not be necessary for Lender in order to enforce such payment and performance by Guarantor first, or contemporaneously, to institute suit or exhaust remedies against Borrower . . . or to enforce any rights, remedies, powers, privileges or benefits of Lender against any property covered by a lien created under the Deed of Trust . . . ." (emphasis added). We conclude that these provisions can be harmonized and that the guaranty agreements as a whole indicate that the Guarantors became liable for the debt immediately upon the maturation of the Note. Although the Guarantors were required to pay "immediately" upon demand, they were also required to pay "promptly" in the absence of demand. Therefore, the Trust's cause of action against the Guarantors accrued at the same time as did the cause of action against DHM, and the statute of limitations on each cause of action began to run at the same time.

[From Halsey[8] to Brian DeRoeck and Moritz and copying Julie Shah,[9] sent August 29, 2012]:

I initiated a transfer of Friday last week, which he said to give it a week.

So I let Jim know I will cover this month's interest, and unless I lose this money changer I can cover the interest for balance of the year.

So, I told Jim he should not have to plan to budget for any additional capital contributions for DHM for the calendar year.

I know we are a bit late this month, but I didn't get his confirmed until the end of my trip and initiated the transfer as soon as I could.

[signed Nathan W. Halsey, Chairman & CEO, Bonamour International, LLC]

The Trust also presented the following email sent by Moritz:

[From Moritz[10] to Julie Shah and copying Brian DeRoeck and Halsey, sent September 17, 2013]:

Could you verify the interest that is owed until 8/31/13 and then the interest that will be due 9/30/13.  DHM paid down the loan by $1,089,000.  I would like to send in the interest and make the loan $7,000,000.

---

[8] The email address from which Halsey sent the message appears to be associated with Bonamour International, LLC, and does not indicate that the message was sent from DHM.

[9] The record contains an affidavit from Julie Shah, in which she states that she has "served continuously since 2007 as the controller and accountant on behalf of [the Trust] . . . ."

[10] The email address from which Moritz sent the message appears to be a personal address and does not indicate that DHM sent the message.

8

Each of these emails is in writing and signed by one of the Guarantors.[11]  In addition, each email acknowledges DHM's debt and demonstrates that the Guarantor intends to pay the debt. The emails were not sent from DHM email accounts and do not appear to have been sent from Moritz or Halsey acting as officers or representatives of DHM.  Instead, the emails appear to have been sent from the Guarantors personally and speak of DHM as a third party whose accrued interest they are paying.  Nothing in these emails "repel[s] the presumption of willingness or intention to pay."  *See DeRoeck II*, 556 S.W.3d at 834.  Moreover, as discussed above, there is no evidence that more than one debt existed between DHM and the Trust, and the amount of the debt is readily ascertainable.

Therefore, we conclude that the Trust has raised a fact question as to whether Moritz and Halsey acknowledged DHM's debt in their individual guarantor capacities.  Accordingly, the trial court erred to the extent that it granted the Guarantors' motion for summary judgment as to the Trust's claim based on acknowledgment of debt.  However, the statute of limitations bars the Trust's claims based on the original obligation to pay, and the trial court did not err to the extent that it granted the Guarantors' motion for summary judgment on those claims.  Accordingly, we sustain the Trust's appellate issues to the extent they contend that the trial court erred in granting summary judgment in favor of the Guarantors on the Trust's claims based on acknowledgment of debt.[12]

---

[11] On appeal, the Defendants have not disputed that the emails are in writing and signed.  *See* Tex. Bus. & Com. Code § 322.007(c) ("If a law requires a record to be in writing, an electronic record satisfies the law."); *Parks v. Seybold*, No. 05-13-00694-CV, 2015 WL 4481768, at *3 (Tex. App.—Dallas July 23, 2015, no pet.) (mem. op.) ("We conclude Parks' e-mails met the requirements of a written acknowledgment.").

[12] On remand, the Guarantors refer to footnote 5 of our original opinion and argue that we can affirm the trial court's summary judgment as to them on the basis of briefing waiver.  *See*

## CONCLUSION

We affirm the trial court's final summary judgment as to the Trust's claims based on the original obligation to pay on the Note. We reverse the trial court's final summary judgment to the extent that it dismisses the Trust's claims against DHM and the Guarantors based on acknowledgment of debt. We remand this cause to the trial court for further proceedings consistent with this opinion.[13]

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed in Part; Reversed and Remanded in Part

Filed: June 6, 2019

_____

*DeRoeck I*, 2016 WL 4270000, at \*4 n.5. However, footnote 5 contained dicta that was not essential to our holding and does not support affirmance as to the claims based on acknowledgment of debt. Footnote 5 discussed no-evidence summary judgment grounds that the Guarantors had raised concerning the Trust's suit on the original obligation to pay on the Note. These no-evidence grounds do not apply to the Trust's claims involving acknowledgment of debt, which the Trust brought in an amended petition after the Guarantors filed their motion for summary judgment. Although the Guarantors later filed what the parties treat as a supplemental motion for summary judgment alleging that the Trust failed to present any evidence of acknowledgment of debt, we have concluded above that the Trust did present sufficient evidence to raise a genuine question of material fact.

[13] To the extent the Trust contends on appeal that the trial court erred in not granting summary judgment in its favor, we conclude that this issue is not adequately briefed, *see* Tex. R. App. P. 38.1(i), and we further note that the Trust's notice of appeal indicates only that the Trust is appealing the trial court's order granting summary judgment in the Defendants' favor.