**AFFIRM and Opinion Filed March 4, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00179-CV**

**THOMAS C. DAVIS, Appellant**
**V.**
**L. LOUISE DAVIS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-13843**

**MEMORANDUM OPINION**
Before Justices Molberg, Reichek, and Evans
Opinion by Justice Evans

This is an appeal from a summary judgment granted in favor of appellee L. Louise Davis. In two issues, appellant Thomas C. Davis asserts that the trial court erred by granting summary judgment on Louise's breach of contract claim because the statute of limitations on that claim expired pursuant to: (1) Section 9.003 of the Texas Family Code or (2) Section 16.004 of the Texas Civil Practice and Remedies Code. We affirm.

**BACKGROUND**

Tom and Louise were married in 1988 and divorced in 2005. On July 13, 2005, Tom and Louise entered into an Agreement Incident to Divorce and each

received a fifty percent share in Lone Star Self Storage Allen – Ltd. (IRA investment). On February 4, 2009, Tom emailed Louise that "[w]e have the Lone Star self storage project in Allen under contract to sell. While the price might change a little, I think that my IRA's interest will get approximately $240,000, half of which is yours and can be distributed to your IRA."

On November 6, 2012, Louise emailed Tom that she "was talking to Bill Adams this morning and he said he mailed a check for $360,000 or so directly into your IRA about 3 years ago when the investors got their money back from the investment. I remember it being in an IRA but was wondering how and when I get my half. How does that work?" Tom wrote back on November 6, 2012 that he did not recall the facts that way and would look into it. Tom followed up in December 2012 that he still had not "found out where this distribution from Lone Star Self Storage is" but stated he would "eventually track it down."

On March 20, 2014, Louise emailed Tom asking to meet about the "Lone Star money." In response, Tom admitted that "my 401K was distributed some money from Lone Star" and he was going to "piece together what happened" and asked that Louise "forgive [him] for this screw up." On April 24, 2014, Tom emailed Louise that he would "put some sort of a proposal together for you to look at. Whatever we decide I owe you from the Lone Star distribution, I need to pay out over [sic] period of time."

On September 12, 2014, Louise received a check from Tom in the amount of $5,000. Louise and Tom continued to email back and forth in October and November 2014 about the Lone Star money. On November 7, 2014, Louise received a check for $5,000 from Tom with a note in the memo section that it was for the "Lone Star Deal." In March 2015, Tom and Louise exchanged emails about meeting to discuss payment of the Lone Star deal. On April 13, 2015, Louise received a check in the amount of $10,000 from Tom with a note in the memo section that it was for a "distribution." Tom and Louise continued to exchange emails about payment in June and August 2015. Louise received additional payments from Tom on August 27, 2015 ($5,000), October 20, 2015 ($5,000), and March 2, 2016 ($5,000).

On March 19, 2016, Louise received a check for $5,000 and a note stating as follows: "I have enclosed a check for $5,000. According to my records this makes $55,000 that I have paid you. I will pay you $5,000 a quarter until we agree the obligation is fulfilled. I am not sure how much I owe you after taxes. I need to figure it out."[1] Louise responded that the check was "not 'a large part of the distribution' that you said you would send. And it's $35,000 not $55,000, paid so far."

---

[1] We note that the record reference containing this quote is partially incomplete as a page is missing from the clerk's record. However, as this statement is uncontested, we accept the facts as stated as true. *See* TEX. R.. APP. P. 38.1(g).

On October 21, 2016, Louise received her last check in the amount of $10,000 from Tom with a note in the memo section that it was for "repayment."

Louise filed her lawsuit on October 25, 2016, for the sum of $145,000 and attorney's fees.

## ANALYSIS

### A.    Standard of Review

We review an order granting summary judgment de novo. *Alexander v. Wilmington Savings Fund Soc'y*, 555 S.W.3d 297, 299 (Tex. App.—Dallas 2018, no pet.). When we review a summary judgment in favor of a claimant, we determine whether the claimant established every element of its claim as a matter of law. *Id.* We consider the evidence in the light most favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts against the movant. *Id.* When, as in this case, the summary judgment does not specify the grounds on which it was granted, we affirm if any ground advanced in the motion is meritorious. *See Garza v. CTX Mortg. Co., LLC,* 285 S.W.3d 919, 922–23 (Tex. App.—Dallas 2009, no pet.).

### B.    Statute of Limitations

In his first issue, Tom argues that Louise's claim is barred by the two-year statute of limitations under section 9.003 of the Texas Family Code.[2] Alternatively,

_____

[2] Section 9.003 provides as follows:

in his second issue, Tom argues that Louise's breach of contract claim is barred by the four-year statute of limitations under section 16.004 of the Texas Civil Practice and Remedies Code.[3]  We need not decide which applies[4] because Tom's conduct renewed the limitations period within either limitation period.

Texas law provides that partial payment of a debt or written acknowledgement of a debt renews the statute of limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.065 ("An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged."); *Parks v. Seybold*, No. 05-13-00694-CV, 2015 WL 4481768, at *2 (Tex. App.—Dallas July 23, 2015, no pet.) ("A creditor may sue

---

> (a) A suit to enforce the division of tangible personal property in existence at the time of the decree of divorce or annulment must be filed before the second anniversary of the date the decree was signed or becomes final after appeal, whichever date is later, or the suit is barred.
>
> (b) A suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second anniversary of the date the right to the property matures or accrues or the decree becomes final, whichever date is later, or the suit is barred.

TEX. FAM. CODE ANN. § 9.003.

[3] Section 16.004 provides,

> A person must bring suit on the following actions not later than four years after the day the cause of action accrues:  (1) specific performance of a contract for the conveyance of real property; (2) penalty of damages on the penal clause of a bond to convey real property; (3) debt; (4) fraud; or (5) breach of a fiduciary duty.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

[4] *See Chakrabarty v. Ganguly*, 573 S.W.3d 413 (Tex. App.—Dallas 2019, no pet.) (en banc) (holding funds-transfer obligation in agreement incident to divorce was not tangible personal property subject to section 9.003 of the family code, overruling *Long v. Long*, 196 S.W.3d 460, 467–68 (Tex. App.—Dallas 2006, no pet.)).

to recover a debt otherwise barred by limitations if the debtor has acknowledged the debt in writing."); *Tri-State Mortgage Co. v. Coronado Fin. I P'ship*, No. 08-99-00087-CV, 2001 WL 225933, at *5 (Tex. App.—El Paso Mar. 8, 2001, no pet.) ("Under both Texas and federal law, partial payment of a debt or written acknowledgment of a debt renews the statute of limitations."). When a creditor acknowledges a debt, the law implies a promise to pay the debt and the debtor may sue for breach of that promise. *Parks*, 2015 WL 4481768, at *2. Whether a writing constitutes an acknowledgement of debt is a question of law, but whether an acknowledgement refers to the particular debt sued on is a question of fact. *See DeRoeck v. DHM Ventures, LLC*, 576 S.W.3d 875, 877–78 (Tex. App.—Austin 2019, no pet.). Texas courts have held that a check can be an acknowledgement of debt. *Id.* at 878.

As described above, the summary judgment evidence includes multiple email communications, written notes and checks exchanged between Louise and Tom. Tom conceded in his correspondence with Louise that he owed a debt comprised of her portion of the Lone Star deal and expressed his willingness to pay it over time. For example, Tom emailed Louise "[w]hatever we decide I owe you from the Lone Star distribution, I need to pay out over [sic] period of time." In addition, Tom directly referenced the debt owed to Louise on the checks written to Louise. By check dated November 7, 2014, Tom sent Louise a check in the amount of $5,000 for the "Lone Star Deal." Tom also sent Louise a check dated October 21, 2016 in

the amount of $10,000 for "repayment." This last check from Tom to Louise in the amount of $10,000 was written only four days prior to the filing of this lawsuit. These checks and communications—which were in writing, signed by Tom, and referenced the debt at issue—met the requirements of a written acknowledgment. *See Parks,* 2015 WL 4481768, at \*3. As these acknowledgments occurred less than two years prior to the filing of this lawsuit, we conclude that neither the two-year nor the four-year statute of limitations could bar Louise's breach of contract claim. *See Parks*, 2015 WL 4481768, at \*2; *Tri-State Mortgage Co.*, 2001 WL 225933, at \*5. Accordingly, we overrule both of Tom's issues.

## CONCLUSION

We affirm the judgment of the trial court as to the granting of Louise's motion for summary judgment on the breach of contract claim.

/David Evans/
DAVID EVANS
JUSTICE

190179F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THOMAS C. DAVIS, Appellant

No. 05-19-00179-CV      V.

L. LOUISE DAVIS, Appellee

On Appeal from the 298th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-16-13843. Opinion delivered by Justice Evans. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee L. LOUISE DAVIS recover her costs of this appeal from appellant THOMAS C. DAVIS.

Judgment entered March 4, 2020.