

# In the
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00031-CV
_____

REGINA NACHAEL HOWELL FOSTER, APPELLANT

V.

INFOTREE INVESTMENTS & MANAGEMENT, LLC, APPELLEE

On Appeal from the 348th District Court
Tarrant County, Texas[1]
Trial Court No. 348-295708-17, Honorable Megan Fahey, Presiding

January 28, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant Regina Nachael Howell Foster ("Foster"), proceeding pro se, appeals from the trial court's summary judgment in favor of appellee Infotree Investments & Management, LLC, in the lawsuit Foster filed challenging the validity of a lien on her homestead. We affirm.

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

## Background

This case arises from the foreclosure of a lien on Foster's homestead in Tarrant County. Carlos Foster, Foster's husband, obtained a purchase money mortgage and purchased the property prior to the couple's marriage in 2001. During the couple's marriage, Carlos Foster refinanced the mortgage. On September 14, 2004, he signed a promissory note to New Century Mortgage Corporation in the sum of $157,000. Foster did not sign the promissory note. The note was secured by a deed of trust executed on the same date. Both spouses signed the deed of trust, which was duly recorded.

After the loan went into default, the holder of the note, Deutsche Bank, initiated non-judicial foreclosure proceedings, with the foreclosure sale scheduled for May 6, 2014. On May 5, 2014, Foster[2] filed a lawsuit against Deutsche Bank and others alleging: (1) defendants wrongfully foreclosed on the property; (2) defendants violated statutory foreclosure provisions; (3) the deed of trust did not create a valid lien on the property; (4) she was entitled to a permanent injunction enjoining defendants from foreclosing on the property; and (5) alternatively, she was entitled to reformation of the deed of trust. The defendants removed the case to federal court and sought summary judgment. Foster filed a response and "cross motion" for summary judgment in which she alleged that the bank's claimed lien on her homestead was void as a matter of law, based on the theory that the Texas Constitution requires both spouses to sign a promissory note to create a valid deed of trust.

---

[2] The record indicates that the spouses were estranged at this time, and Carlos Foster was not a party to the lawsuit.

In February of 2016, the federal district court granted summary judgment for the defendants and dismissed Foster's claims with prejudice. Foster appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed. *See Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 407 (5th Cir. 2017) (per curiam). The court concluded that Foster had no claim for wrongful foreclosure because no foreclosure had occurred,[3] and it upheld the district court's grant of summary judgment in favor of the defendants. *Id.* at 406-07.

Deutsche Bank then proceeded to foreclose its lien after sending Foster and Carlos Foster notices of acceleration and of the foreclosure sale. Deutsche Bank purchased the property at the foreclosure sale on April 4, 2017. On July 31, 2017, Deutsche Bank conveyed the property to Infotree.

On October 16, 2017, Foster filed the instant lawsuit against Infotree, contesting the validity of the lien that was foreclosed on April 4 and seeking declaratory relief, injunctive relief, and damages. Infotree filed a counterclaim requesting that the court quiet title to the property. Later, Infotree filed a motion for summary judgment and a supplemental motion for summary judgment on the bases that Foster's claims were barred by res judicata and that the lien was valid. The trial court granted Infotree's motion for summary judgment and decreed that title in the property was quieted in and to Infotree. Foster filed a motion for new trial, which the trial court denied. This appeal followed.

---

[3] The mortgage servicer did not pursue the May 6 foreclosure sale.

Analysis

The "Issues Presented" section of Foster's brief contains five questions, which can be grouped as challenges to (1) the denial of her motion for new trial, (2) the grant of Infotree's motion for summary judgment, and (3) the denial of Foster's motion for summary judgment.[4]

## The Denial of Foster's Motion for New Trial

In her first issue, Foster contends that the trial court abused its discretion by denying her motion for new trial because the trial court granted summary judgment on grounds not expressly presented in the motion. We review a trial court's denial of a motion for new trial for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

Foster argued that she was entitled to a new trial because the trial court granted summary judgment on grounds not expressly presented in the motion. Foster points to a letter from the trial court in which it stated that it "has given further consideration to the competing motions for summary judgment, responses, and replies in this case" and "conducted additional review of the law applicable to this case." The trial court wrote that, "In light of this further consideration, including the opinions in *Alexander v. Wilmington Savings Fund Society*, 555 S.W.3d 297, 300 (Tex. App.—Dallas 2018, no pet.) and

---

[4] The five numbered questions in the "Issues Presented" section do not directly correspond to the arguments presented in the body of Foster's brief, but we endeavor to address all issues fairly raised. *See* TEX. R. APP. P. 38.9 (requiring briefing rules to be construed liberally).

*Wilmington Trust, Nat'l Ass'n v. Blizzard*, 702 Fed. Appx. 214 (5th Cir. 2017)," it was granting Infotree's motion.

Foster's complaint is without merit. To the extent that the trial court's letter suggests what grounds it found persuasive, it is of no consequence. We look only to the order granting summary judgment to determine the grounds upon which the trial court relied. *See Morvant v. Dallas Airmotive, Inc.*, No. 02-19-00049-CV, 2020 Tex. App. LEXIS 475, at *11 (Tex. App.—Fort Worth Jan. 16, 2020, pet. filed) (mem. op.) ("When a trial court sends a letter to the parties accompanying its order, the written order itself, and not the letter, is controlling on appeal."); *see also RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc.*, 957 S.W.2d 121, 126 (Tex. App.—Houston 1997, pet. denied) ("A letter cannot be considered on appeal as giving the reasons for the judgment.").

In this case, the summary judgment order does not state the grounds relied on by the trial court. We cannot conclude that the trial court erred in denying Foster's motion for new trial on the basis alleged. We overrule Foster's first issue.

Motions for Summary Judgment

In her remaining issues, Foster alleges that the trial court abused its discretion in granting Infotree's motion for summary judgment and in denying her motion for summary judgment. When, as here, the parties file competing motions for summary judgment, and the trial court grants one motion and denies the other, we may consider the propriety of the denial as well as the grant. *Lidawi v. Progressive Cty. Mut. Ins. Co.*, 112 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We review a trial court's decision to grant or to deny a motion for summary judgment de novo. *Tex. Mun. Power Agency v.*

*Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). We consider the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Id.* When there are multiple grounds for summary judgment and the order does not specify the ground on which summary judgment was granted, the appealing party must negate all grounds on appeal. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993).

Infotree sought summary judgment on two grounds: (1) Foster's claims were barred by res judicata, and (2) even if res judicata did not apply, the lien was valid under Texas law. In her competing motion, Foster argued that the lien on her homestead was void because she did not sign the promissory note.

Res Judicata

We first address Infotree's claim that the trial court properly granted summary judgment on the basis of res judicata. Res judicata, or claim preclusion, prevents the relitigation of a finally adjudicated claim and related matters that should have been litigated in a prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Where, as here, a party's original suit was decided in federal court, we apply federal law to determine whether res judicata will bar a subsequent claim asserted in state court. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) ("The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules."). Under federal law, a claim is barred by res judicata if (1) the parties in both suits are identical or in privity, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) there is a final judgment on the merits, and (4) the same cause of action is involved in both cases. *United*

6

*States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994); *Eagle Prop., Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990).

On appeal, Foster does not challenge Infotree's summary judgment proof as to any of these four elements. Instead, she alleges that the principles of res judicata do not apply because the facts and law have changed since the prior judgment. *See Marino v. State Farm Fire & Cas. Ins. Co.*, 787 S.W.2d 948, 950 (Tex. 1990) ("[R]es judicata is not a defense in a subsequent action if there has been a change in material facts, the applicable statutory law, or the decisional law between the first judgment and the second suit.").

Specifically, Foster first claims that material facts have changed because Infotree's predecessor-in-title, Deutsche Bank, conducted a non-judicial foreclosure sale of the property and Infotree subsequently purchased the property from Deutsche Bank. Certainly, these developments would affect the viability of Foster's wrongful foreclosure claim that the federal court dismissed on the basis that the foreclosure had not taken place, but Foster does not explain how these factual changes bear upon the claim at issue in the instant lawsuit, i.e., the validity of Deutsche Bank's lien, which was also raised in the federal case.[5] We therefore reject this argument. Secondly, Foster argues that the parties' legal rights or relations have changed because three court opinions issued after the federal district court's decision have changed the legal landscape on foreclosures of

_____

[5] Foster's assertion that "the prior federal judgment simply dismissed [her] claims because a foreclosure had not yet taken place" is inaccurate. The federal district court also considered and rejected Foster's claim that the deed of trust failed to create a valid lien on her property, denied Foster's request that the court permanently enjoin defendants from foreclosing on the property, denied Foster's request for reformation of the deed of trust, and granted defendants' motion for summary judgment.

7

Texas homesteads. In particular, Foster cites *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016), *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474 (Tex. 2015), and *Kyle v. Strasburger*, 522 S.W.3d 461 (Tex. 2017), as recent decisions that make the judgment in the prior federal suit obsolete.

Even if we assume that a change in the decisional law would entitle Foster to relitigate her claim, we do not find that the cases she relies on would mandate a different outcome. The premise underlying Foster's claim is that the Texas Constitution requires both spouses to sign a promissory note secured by homestead property for the noteholder to have a foreclosure-eligible lien on the homestead. For support, Foster relies on section 50 of the Texas Constitution, which protects the homestead from foreclosure for the payment of debts, subject to certain exceptions, including purchase money loans, home equity loans, reverse mortgages, and the refinance of a homestead lien. TEX. CONST. art. XVI, § 50(a), (c). In contrast to the detailed provisions related to home equity loans and reverse mortgages, subsection 50(a) does not provide in-depth particulars related to refinancing loans. *Compare id.* § 50(a)(6), (g), (k)-(p), (t), *with id.* § 50(a)(4), (e), (f). Notably, the requirement that both spouses sign the underlying note in a purchase money or refinance transaction is not set forth in the Texas Constitution. *See* TEX. CONST. art. XVI, § 50(a); *see also Alexander*, 555 S.W.3d at 300 (Tex. App.—Dallas 2018, no pet.) (noting that TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi) does not require owner's spouse to consent to home equity note and declining to add such requirement by judicial fiat); *Blizzard*, 702 Fed. App'x at 216-17 (5th Cir. 2017) (in suit involving home equity loan, note holder was entitled to foreclose even though borrower's spouse did not sign note,

8

because spouse consented to lien by signing deed of trust, satisfying requirements of TEX. CONST. art. XVI, § 50(a)(6)(A)).

The cases relied on by Foster, *Wood*, *Garofolo*, and *Kyle*, which are all cases involving home equity loans, do not create such a requirement. None of these opinions hold that where, as here, a spouse voluntarily signs a deed of trust creating a lien on the homestead, the lien is invalid unless that spouse also signs as a borrower on the underlying loan for the purchase or refinance of the homestead property. Thus, these cases do not reflect a change in the decisional law that would overcome the res judicata bar. Foster has not established that there has been a change in the law or facts giving her new substantive rights; therefore, res judicata applies to her claims.

Because res judicata precludes Foster from attacking the validity of the lien on which Deutsche Bank, Infotree's predecessor-in-title, foreclosed and acquired title to the property, Foster failed to raise a genuine issue of material fact to defeat summary judgment. We thus hold that Infotree met its burden of showing that it was entitled to summary judgment on its claim to quiet title. The trial court correctly denied Foster's motion for summary judgment and granted summary judgment in favor of Infotree. Foster's second, third, fourth, and fifth issues, all based on the propriety of the trial court's summary judgment rulings, are overruled.

Because we affirm the trial court's judgment based on res judicata, we need not address Infotree's alternative grounds for summary judgment. TEX. R. APP. P. 47.1 (opinion should address only issues necessary to disposition of the appeal).

9

Conclusion

We conclude that Infotree conclusively established its right to summary judgment and that Foster's competing motion for summary judgment was properly denied.  As such, we affirm the judgment of the trial court.


Judy C. Parker
Justice